UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MCMILLIAN,
         Petitioner,

No. 1:06-cv-057

-v-

HONORABLE PAUL L. MALONEY

MARY BERGHUIS,
         Respondent.

OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION OVER OBJECTIONS

ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S DENIAL
OF MOTION FOR EVIDENTIARY HEARING

Petitioner Larry McMillian was convicted by a jury of armed robbery, possession of a firearm during the commission of a felony, felonious assault, and possession of a firearm during a felonious assault. He was sentenced as an habitual offender to concurrent sentences of 216-480 months for armed robbery and 24-72 months for felonious assault. He also received concurrent sentences of 24 months for each of the firearm convictions. Petitioner filed appeals through the state court system. He then returned to the trial court and filed a motion for relief from judgment under M.C.R. 6.508(D). Petitioner filed appeals of that motion through the state court system. Petitioner now turns to the federal courts seeking habeas relief under 28 U.S.C. § 2254. Petitioner asserts eleven claims. The magistrate judge reviewed the petition and submitted proposed findings of fact and recommendations (Dkt. No. 41) for each of the eleven claims. Petitioner filed an objection (Dkt. No. 42) and a supplemental objection (Dkt. No. 46).[1] Petitioner also filed a motion (Dkt No. 43) for

---

[1] Both documents were timely as both were filed within the ten-day period to file objections.

an evidentiary hearing, which was denied by the magistrate judge (Dkt. No. 49). Petitioner has filed an objection (Dkt No. 50) to that order.

ANALYSIS

I. REPORT AND RECOMMENDATION

 A. Review of a Report and Recommendations

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

B. Report and Recommendation[2]

The magistrate judge accurately summarized the substantive standards for granting habeas relief under 28 U.S.C. § 2254(d). Petitioner has not objected to those standards. In order to be entitled to the relief requested, Petitioner must show the state court reached a conclusion in violation of Supreme Court authority. The state court's application of that authority must be objectively unreasonable, with the factual findings of the state court given a presumption of correctness.

1. Identification Procedure (Habeas Claims VI and VII)

The state court's decision to deny Petitioner's claim, that the identification procedure violated his constitutional rights, was not an objectively unreasonable application of Supreme Court authority. First, Petitioner's reliance on *State v. Dubose*, 285 Wis.2d 143, 699 N.W.2d 582 (2005) is misplaced. Regardless of the holding in *Dubose*, Petitioner cannot rely on the decision of the Wisconsin Supreme Court to establish that a Michigan trial court's decision is contrary to clearly established federal law as determined by the United States Supreme Court. *See Harris v. Stovall*, 212 F.3d 940, 943-944 (6th Cir. 2000) ("the AEDPA expressly limits the source of law to cases decided by the United States Supreme Court."). Wisconsin has opted not to admit at trial identifications from out-of-court show-ups unless the show-up was necessary. *See Dubose*, 699 N.W.2d at 593-594. This court may only grant relief for violations of the Constitution or federal law, not violations of state law. 28 U.S.C. § 2254(a).

Second, the totality of the circumstances do not support Petitioner's claim that Ms. Kane's identification of him was unreliable. Because the Michigan Court of Appeals considered the various

---

[2] For organizational ease, the court will address Petitioner's claims in the order they are addressed in the R&R. Petitioner's objections generally follow the same organizational pattern.

3

reliability factors for the identification procedure, the magistrate judge interpreted the appeals court as concluding the show-up procedure was unnecessarily suggestive. In his objection, Petitioner discusses how much of the evidence at trial could easily have been used against his co-defendant. Petitioner also discusses the testimony Ms. Kane offered at trial. None of that is relevant to whether the out-of-court identification was unreliable. In fact, in his objection, Petitioner never addresses any of the facts relied on by the Michigan Court of Appeals or the magistrate judge for concluding the out-of-court identification, under the totality of the circumstances, was reliable. Accordingly, any objection to the totality of circumstances consideration has been waived. The admission of the identification testimony at trial did not violate Petitioner's due process rights.

2. Sufficiency of the Evidence (Habeas Claim XI)

Petitioner is not entitled to the relief requested on his claim for insufficient evidence. Because the identification evidence, as discussed above, was properly admitted at trial, Petitioner has no basis for this claim. Viewed in a light most favorable to the prosecution, the evidence introduced at trial was sufficient to support each of Petitioner's convictions.

3. Juror Challenge (Habeas Claim V)

The state court's decision to deny Petitioner's claim, that the prosecutor's peremptory challenge of an African-American juror violated his constitutional rights, was not an objectively unreasonable application of Supreme Court authority. Petitioner's objection to the resolution of this claim is a summary of the issue and general allegations of error. Petitioner's objection is conclusory and lacks the requisite specificity to invoke this court's *de novo* review. Petitioner does raise one issue that must be mentioned. Petitioner alleges the prosecutor's decision was in "blatant disregard for Michigan law," citing "Michigan Const. of 1963 Art. 1 § 2, § 17." (Obj. 5.) As explained above,

this court may only grant relief for violations of the Constitution and federal law, not state law.

### 4. Preliminary Examination (Habeas Claim X)

Petitioner has not established that the state court's decision to deny his claim, that the procedure used to secure his waiver of a preliminary examination violated his constitutional rights, was not an objectively reasonable application of Supreme Court authority. At his preliminary examination, Petitioner's attorney explained that Petitioner agreed to waive the preliminary examination and, in exchange, "I [,defense counsel,] will present to her [,the prosecutor,] a stip and order to have a physical identification take place." (Hearing Trans. May 23, 2003, 3.) The physical identification never occurred. Both the state court of appeals and the magistrate judge found that the prosecutor was not to blame for the lack of a physical identification. Petitioner asserts the prosecutor deserves some blame because she allegedly brought the agreement to him.[3] Petitioner's decision to accept the offer does not make the prosecutor a scapegoat for Petitioner's failure to secure the physical identification. Petitioner asserts the prosecutor deserves some blame because she objected to scheduling a physical identification during the September 10, 2002 hearing. When the prosecutor objected, the agreement had been in place for more than three months and the trial was scheduled to begin in less than one week. The trial court denied Petitioner's delayed motion, not the prosecutor. Based on these uncontested facts, the prosecutor was not in any way an impediment to Petitioner's ability to schedule a physical identification. Accordingly, no due process violation can exist.

Petitioner insists that the lack of a preliminary hearing constitutes a violation of his rights

---

[3]This assertion in Petitioner's objection is contrary to his explanation of the agreement contained in his petition. (Pet. 17-18.)

to due process. Petitioner's flawed reasoning is undermined by the conclusion that the prosecutor is blameless for the lack of a physical identification. The prosecutor did not breach any promise or agreement made with Petitioner. Therefore, Petitioner is not entitled to the alternative to the physical identification, the preliminary examination. Assuming, for the sake of argument only, that for some reason the prosecutor may be held responsible for the outcome, Petitioner still cannot prevail. As explained by the magistrate judge, the state's failure to hold a preliminary examination does not entitle a prisoner to have the conviction vacated. *See Gernstein v Pugh*, 420 U.S. 103, 119 (1975).

5. Prosecutorial Misconduct (Habeas Claim III)

Most of Petitioner's claim for prosecutorial misconduct relates to the lack of a preliminary hearing. Petitioner does not include any specific objection to the portion of the R&R addressing his claims for prosecutorial misconduct. In his supplemental objections (Dkt. No. 46), Petitioner clarifies that the portion of his original objection discussing the lack of a preliminary hearing also addresses his claim for prosecutorial misconduct. As has already been explained, the prosecutor was not responsible for the lack of a physical identification. By failing to specifically object to any of the other findings and recommendations in this portion of the R&R, Petitioner is not entitled to a *de novo* review of his claim by this court.

6. Videotape Evidence (Habeas Claim VIII)

Petitioner does not include any objection to the magistrate judge's proposed findings or recommendations on this claim. Petitioner is not entitled to a *de novo* review of this claim.

7. Ineffective Assistance of Counsel (Habeas Claims IV and IX)

The magistrate judge identified and addressed six distinct claims for ineffective assistance

6

of counsel. Petitioner's objections address only two of the six different claims. Petitioner has not specifically objected to the magistrate judge's proposed findings and recommendations regarding defense counsel's (1) failure to question Ms. Kane at the suppression hearing, (2) failure to question or call as witnesses James, Jim Nemrava, and Gulius Hollis, (3) failure to timely obtain fingerprint evidence, and (4) failure to object to improper comments by the prosecutor. Accordingly, Petitioner is not entitled to a *de novo* review of those claims by this court.

Regarding the two remaining claims for ineffective assistance of counsel, the state court's decision to deny Petitioner's claim was not an objectively unreasonable application of Supreme Court authority. First, Petitioner believes defense counsel was ineffective when he solicited testimony that the gun used to commit the crime belonged to Petitioner. As the magistrate judge explained, ownership of the weapon is not an element of any of the crimes for which Petitioner was convicted. Petitioner suspects the jury associated him with the weapon as a result of the testimony. Petitioner's suspicion is misplaced. The prosecutor still had to establish that Petitioner possessed the weapon in order to secure a conviction. The evidence that Petitioner possessed the weapon was overwhelming. Petitioner does not and cannot point to any evidence to the contrary.

Second, Petitioner asserts, in his objection, defense counsel was ineffective because he lost out on a preliminary examination as the result of defense counsel's decisions.[4] The state court of appeals and the magistrate judge found that trial counsel did not pursue the physical identification, at least in part, because Petitioner changed his mind and did not want to participate in a line-up. Assuming that fact is true, Petitioner cannot establish that trial counsel was ineffective for failing

---

[4] In the petition, defense counsel is described as being ineffective for failing to secure the corporeal lineup, not because Petitioner did not receive a preliminary examination.

7

to secure the physical identification. Neither can Petitioner establish he was deprived of any right to a preliminary examination because he voluntarily opted out of the preliminary examination when he waived it. Petitioner has failed to put forth any evidence or explanation suggesting that his decision to waive the preliminary examination was not made knowingly and voluntarily. Assuming Petitioner wanted the physical identification, he still is not entitled to the relief requested.[5] Petitioner has not established how he was prejudiced by counsel's allegedly deficient performance. Petitioner has never offered any evidence suggesting that, had the physical identification been held, a different result at trial would have occurred.

8. Procedurally Defaulted Claims (Habeas Claims I and II)

Petitioner included his objection to this portion of the R&R in his supplemental objection. Petitioner asserts two claims in his objection: (1) ineffective assistance of counsel for failing to raise a sufficiency of the evidence claim with regard to the assault with a dangerous weapon charge and (2) double jeopardy regarding the two felony firearm counts. Petitioner does not object to the magistrate judge's review of the law for procedurally defaulted claims. The court agrees with the magistrate judge that Petitioner has not established good cause for failing to raise the claims. The court also agrees with the magistrate judge that Petitioner has not established actual prejudice because the claims lack merit. The evidence presented at trial was sufficient to establish the elements of armed robbery under Michigan law. *See People v. Rodgers*, 645 N.W.2d 294, 298 (Mich. Ct. App. 2002). Petitioner discusses only Ms. Kane's testimony. Petitioner ignores the testimony of Mr. Johnson, the person who was working at the store and who interacted with the

---

[5]Petitioner has offered little other than assertions to undermine the state appellate court's factual conclusion that he wanted counsel to schedule a corporeal lineup.

robber.

Regarding Petitioner's claim for double jeopardy, Petitioner's objection is conclusory and lacks the required specificity to merit this court's *de novo* review. Petitioner fails to explain how or why either felony possession charge constitutes double jeopardy. The magistrate judge provided a thorough and detailed explanation why the double jeopardy claim in the petition lacked merit. Petitioner's objection does not even attempt to undermine the magistrate judge's report.

## II. MAGISTRATE JUDGE'S ORDER

### A. Review of a Magistrate Judge's Order

Rule 72(a) allows a party to object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the "clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under

the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

B. Magistrate Judge's Order Denying Motion for Evidentiary Hearing

Petitioner has consistently asserted his desire to have an evidentiary hearing to determine whether his trial counsel failed to secure a physical line-up, as was agreed upon in exchange for Petitioner waiving the preliminary examination. The magistrate judge denied (Dkt. No. 49) Petitioner's most recent motion (Dkt. No. 43) on the basis of 28 U.S.C. § 2254(e)(2)(A)(ii) and (e)(2)(B). Specifically, the magistrate judge found Petitioner had not demonstrated that the factual predicate for his claim (the reason counsel did not file the paperwork to secure a physical line-up) could not have been discovered through the exercise of due diligence. In addition, the magistrate judge found that Petitioner had not demonstrated, with clear and convincing evidence, that had the line-up been performed, no reasonable factfinder could have found him guilty.

Petitioners' objection does not establish that the magistrate judge's denial of the motion for an evidentiary hearing was clearly erroneous or contrary to law. Petitioner's objection simply reiterates that he wanted a line-up and that counsel neglected to secure the line-up.

CONCLUSION

Petitioner is not entitled to the relief requested. Petitioner has not established how the state court's decisions are contrary to established federal law. Neither has Petitioner established that the magistrate judge's order denying his motion for an evidentiary hearing was clearly erroneous or contrary to law.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Upon review of each claim presented, a certificate of appealability is **DENIED.** As explained in the analysis of the report and recommendation, many of Petitioner's objections are conclusory and lack the required specificity for this court to conduct a *de novo* review. On the habeas claims V-VIII and XI, Petitioner's objections did not require a *de novo* review and reasonable jurists would not disagree with the magistrate judge's recommendation. Reasonable

jurors would not disagree with this court's resolution of Petitioner's habeas claims III and X, the claims relating to prosecutorial misconduct and the preliminary examination. Petitioner failed to show how the prosecutor caused Petitioner's constitutional rights to be violated. Reasonable jurists would not disagree with this court's analysis of the Petitioner's procedurally defaulted claims, habeas claims I and II. Petitioner did not establish either good cause or actual prejudice. Finally, reasonable jurists would agree with this court's resolution of Petitioner's claim for ineffective assistance of counsel. Petitioner voluntarily opted to forgo his preliminary examination and has not established how the outcome of his trial would have been different had he obtained a physical line-up.

## ORDER

1. The R&R (Dkt. No. 41) is **ADOPTED OVER OBJECTIONS** as the opinion of this court.

2. The petition for writ of habeas corpus is **DENIED.**

3. Petitioner's objection (Dkt. No. 50) to the magistrate judge's order denying his motion for an evidentiary hearing is **OVERRULED.**


Date:   November 18, 2009                              /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              Chief United States District Judge